OPINION OF THE COURT
Gustin L. Reichbach, J.
The defendant moves to dismiss the indictment claiming that the Grand Jury proceeding was defective because the integrity of the proceeding was impaired and the defendant may *499 have been prejudiced. (CPL 210.20 [1] [c]; 210.35 [5].) The defendant argues that prosecutorial misconduct was committed by the Assistant District Attorney by interfering with the defendant’s right to the advice of counsel while testifying before the Grand Jury under a waiver of immunity. (CPL 190.52.) The motion to dismiss is granted with leave to re-present.
On August 17, 2000, the court conducted a hearing in connection with the defendant’s motion. The sole issue was whether the defendant was able to consult with counsel during the course of his Grand Jury testimony. The defense presented one witness, Adrian Lesher, who represents the defendant and was present when the defendant testified before the Grand Jury. The People called Assistant District Attorney Thomas Ridges, who presented the case to the Grand Jury.
Findings of Fact
On April 26, 2000, Jason Enoe, who was incarcerated at the time, signed a waiver of immunity and testified on his own behalf before the Grand Jury regarding the incident that was the subject of the instant indictment. Prior to giving his testimony, Assistant District Attorney Ridges instructed the defendant on the procedures that would be followed by telling him that he would be allowed to make a statement to the Grand Jury, after which he would be questioned by the assistant, and, if he wanted to consult with his attorney outside of the Grand Jury room, he would be given an opportunity to do so.
As the defendant neared the end of his statement, he asked to consult with his attorney. Mr. Ridges responded by asking the defendant if he was through with his statement. The defendant reiterated his request, the assistant again asked if he was through with his statement, and then defense counsel inteijected a request to step outside the presence of the Grand Jury. Mr. Ridges, Mr. Lesher, the defendant, and the Grand Jury warden, who was guarding the defendant, all stepped into the hallway.
While the parties do not agree on the substance of the conversation which occurred in the hallway, it is clear that the defendant and his attorney were not provided an opportunity to privately confer. Mr. Ridges candidly testified that he believed that the defendant had to complete his entire statement to the Grand Jury before he could or would be allowed to confer with his attorney. After this hallway conference, Mr. Ridges returned to the Grand Jury room and the defendant, his attorney, and the warden followed soon thereafter.
*500 The defendant concluded his statement to the Grand Jury by stating that he had never been in trouble before. In fact, the defendant had a previous case in which he had been granted youthful offender treatment. The Assistant District Attorney proceeded to cross-examine him extensively on that case. The defense asserts that when the defendant had requested to consult with counsel, it was because the .defendant wished to obtain advice regarding this prior contact with the criminal justice system.
Conclusions of Law
The relevant portions of CPL 190.52 (1) and (2) provide as follows: “Any person who appears as a witness and has signed a waiver of immunity in a grand jury proceeding, has a right to an attorney * * * The attorney for such witness may be present with the witness in the grand jury room. The attorney may advise the witness, but may not otherwise take any part in the proceeding.” The role of the attorney under this statute is to give opinion, counsel, or make recommendations. To have the benefit of effective legal counsel, a witness is implicitly guaranteed the full benefit of a lawyer’s advice. (People v Smays, 156 Misc 2d 621, 625 [Sup Ct, NY County 1993].) Counsel’s primary role under the statute is to protect the defendant who waives immunity from the danger of self-incrimination. (Matter of Lief v Hynes, 98 Misc 2d 817 [Sup Ct, Queens County 1979].) When a witness is denied his right to confer with his attorney during his testimony, it is a violation of CPL 190.52. Where the violation results in an articulable likelihood of prejudice to the defendant under CPL 210.35 (5) the proceeding is defective, and the indictment must be dismissed. (People v Schumaci, 262 AD2d 1021 [4th Dept 1999].)
Prior to the enactment of CPL 190.52, the Court of Appeals had occasion to deal extensively with the issue of the rights of a witness testifying before the Grand Jury in People v Ianniello (21 NY2d 418 [1968]). While that case dealt with a witness who was not a target of the investigation, the Court noted, “Whenever a witness demands to see his lawyer for counselling concerning his legal rights * * * he should be given an opportunity to do so.” (Id., at 425.)
While counsel is not present to give the witness strategic advice as to how to answer the prosecutor’s questions (id., at 426), in this case the defendant made a request to consult with his attorney not during the District Attorney’s questioning, but *501 while he was making his own statement to the Grand Jury. The Assistant District Attorney believed that the defendant was obliged to finish his statement before he would have an opportunity to confer with counsel. Due to this mistaken impression, the defendant was denied his right to meaningfully confer with counsel.
Dismissal of the indictment is specifically mandated by CPL 210.35 (5) when prejudice to the defendant may result. The statute does not require a showing of actual prejudice, but only an “articulable ‘likelihood of or at least ‘potential for’ prejudice.” (People v Adessa, 89 NY2d 677, 686 [1997]; People v Huston, 88 NY2d 400, 409 [1996].)
As a consequence of not being permitted to confer with counsel, the defendant, in completing his statement, prejudiced his cause by opening the door to cross-examination on his prior youthful offender adjudication. The prejudice here was not simply possible, but actual. Therefore, the indictment is dismissed with leave to re-present.